Jeffrey K. LANDRUM, For Himself and On Behalf of All Others Similarly Situated, Plaintiff,

v.

BLACKBIRD ENTERPRISES, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; Bluebird Medical Enterprises, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; DPAR Roadrunner, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; and Lonestar Ambulance 1, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health, Defendants.

CIVIL ACTION NO. H-16-0374

United States District Court, S.D. Texas, Houston Division.

Signed October 3, 2016

Salar Ali Ahmed, Houston, TX, for Plaintiff.

Andrew J. Broadaway, Steven L. Mierl, Cornell Smith Mierl Brutocao LLP, Austin, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

SIM LAKE, UNITED STATES DISTRICT JUDGE

Plaintiff, Jeffrey K. Landrum, filed this putative class action complaint against defendants Blackbird Enterprises, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; Bluebird Medical Enterprises, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; DPAR Roadrunner, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health; and, Lonestar Ambulance 1, LLC d/b/a Allegiance Ambulance d/b/a Allegiance Mobile Health (collectively, "Allegiance Ambulance" or "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.[1] Pending before the court is Defendants' 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss") (Docket Entry No. 12). For the reasons explained below, the motion will be granted.

## I. Factual and Procedural Background

Landrum's claim arises from an application for employment submitted to Allegiance Ambulance on or around September 21, 2014.[2] Landrum completed a four-page Employment Application, which contained various authorizations, "including an authorization to investigate Mr. Landrum's 'credit, driving, criminal background, references and other background checks'."[3] He also disclosed, as part of the application, his criminal history.[4] Notably absent from the application was a stand-alone consumer disclosure as described in 15 U.S.C. § 1681b(b)(2).

After completing and submitting his application, Landrum interviewed for a position at Allegiance Ambulance with Scott Brown, a District Manager.[5] Mr. Brown extended an initial offer of employment to Landrum, subject to the completion and processing of certain "HR" documents.[6] Landrum submitted the additional forms, which included another authorization to perform a criminal background check, to Allegiance Ambulance.[7] Again the stand-alone disclosure was absent.[8] The company

1. Original Class Action Complaint ("Complaint"), Docket Entry No. 1, p. 1.

2. Id. at 6 ¶ 22.

3. Id. at 7 ¶ 23; see also Exhibit 1 to Complaint ("Employment Application"), Docket Entry No. 1–1, p. 4.

4. "Personal History Information," Employment Application, Exhibit 1 to Complaint, Docket Entry No. 1–1, p. 2.

5. Complaint, p. 7 ¶ 24.

6. Id. ¶ 25; see also Exhibit 2 to Complaint ("E-mail Exchange"), Docket Entry No. 1–2.

7. Id. ¶ 26.

8. Id. Plaintiff did not provide the court with these documents, but for the purposes of the motion before the court the allegations are accepted as true.

then obtained a criminal background check on Landrum after which it withdrew the offer of employment.[9]

Landrum alleges as his sole claim for relief Defendants' failure to provide a stand-alone disclosure of their intent to seek a consumer report on him as required by statute.[10] He identifies two "concrete" injuries as a result of the alleged violation: (1) "being deprived of a disclosure to which he was statutorily entitled as a result of Allegiance Ambulance's failure to comply with the FCRA's stand-alone disclosure requirement" and (2) invasion of privacy "by Defendants' procurement of a consumer report without proper written authorization."[11] Defendants move to dismiss on the basis that Landrum's alleged injuries do not constitute a sufficiently concrete injury in fact to confer Article III standing.

## II. Analysis

### A. Applicable Law

#### 1. Jurisdiction and Standing

 Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly-dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may make its subject-matter determination by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 220 (5th Cir. 1989) (citing Williamson v. Tucker, 645 F.2d 404, 413

(5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

 "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Spokeo. Inc. v. Robins, ___ U.S. ___, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing Raines v. Byrd, 521 U.S. 811, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997)). One element of the case-or-controversy requirement is that a plaintiff must establish, on the basis of the complaint, standing to sue. Raines, 117 S.Ct. at 2317 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2136–2137, 119 L.Ed.2d 351 (1992)). To have standing, " [a] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S.Ct. at 1547 (citing Lujan, 112 S.Ct. at 2136). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." Spokeo, 136 S.Ct. at 1547 (citing Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975)).

 At issue in the present case is the "injury in fact" requirement for standing. "Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" Spokeo, 136 S.Ct. at 1547–48 (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or im-

---

9. Id. ¶¶ 27-28.

10. Id. at 18-19 ¶¶ 65-72.

11. Id. at 15 ¶¶ 55-56.

minent, not conjectural or hypothetical.'" Id. at 1548 (citing Lujan, 112 S.Ct. at 2130).

### 2. The "Concrete Injury" Requirement

 Landrum's standing in this case turns on whether he suffered a concrete injury. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Spokeo, 136 S.Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)). An injury need not be tangible, but it cannot be merely abstract or hypothetical. Id. at 1548–49. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." Id. at 1549 (emphasis added). "But deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right in vacuo—is insufficient to create Article III standing." Summers v. Earth Island Inst., 555 U.S. 488, 129 S.Ct. 1142, 1151, 173 L.Ed.2d 1 (2009).

A recent Supreme Court decision involving standing to sue under the FCRA is directly applicable here. In Spokeo, —— U.S. ——, 136 S.Ct. 1540, 194 L.Ed.2d 635, the plaintiff-appellee became aware of inaccuracies regarding his personal information on the defendant-appellant's website. Id. at 1546. The plaintiff sued, alleging various violations of the FCRA. Id. The trial court dismissed the suit for lack of subject-matter jurisdiction on the basis that the plaintiff lacked standing. Id. The Ninth Circuit reversed after it determined that the alleged violations were sufficiently particularized to the plaintiff to establish standing. Id.

 The Supreme Court reversed the Ninth Circuit because of its failure to determine whether the violations led to a concrete injury. Id. at 1550. The Court's reasoning is instructive:

A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

Id. Although the Court ultimately left it to the circuit court to determine whether a concrete injury occurred, one thing is apparent from the Court's holding: a bare procedural violation of the FCRA is not, by itself, a concrete injury. Id. As the Fifth · Circuit stated in a recent opinion considering the impact of Spokeo:

Put differently, the deprivation of a right created by statute must be accompanied by "some concrete interest that is affected by the deprivation." Id. (quoting Summers v. Earth Island Inst., 555 U.S. 488, 496, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)). Thus, Spokeo recognizes that at minimum, a "concrete" intangible injury based on a statutory violation must constitute a "risk of real harm" to the plaintiff. Id.

Lee v. Verizon Communications, Inc., 837 F.3d 523, 529, 2016 WL 4926159, at *1 (5th Cir. 2016).

 The failure to provide information in accordance with a statute could constitute a concrete injury. Havens Realty Corp. v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 1118–20, 71 L.Ed.2d 214 (1982). For example, in Havens Realty, a case principally relied upon by Landrum, discriminatory misrepresentations about the availability of housing were sufficiently injurious to establish standing. Id. This was so even though the inquiries were made by "testers" who were not actually

seeking housing. Id. The violation of the substantive right to receive truthful information was sufficient to support standing. Id. at 1121. The plaintiffs did not have to allege any further, or even tangible, injury. Id.

### B. Application

 Defendants challenge this court's jurisdiction on the basis of Plaintiff's failure to allege a concrete injury in fact.[12] The court reiterates that not every procedural violation of a statute results in a concrete harm. Otherwise, the Supreme Court's distinction in Spokeo would be one without a difference. Congress may create rights that federal courts must then enforce within the limits of Article III. Congress may, and often does, describe procedures designed to protect those rights. But the Court in Spokeo makes clear that a procedural violation without effect on the underlying right is not a concrete injury.

 Whether a violation of a statutorily created right confers standing turns on whether the right is substantive or merely procedural. Black's Law Dictionary defines a "procedural right" as "[a] right that derives from legal or administrative procedure; a right that helps in the protection or enforcement of a substantive right. Cf. substantive right." (10th ed. 2014) (emphasis added). A "substantive right," on the other hand, is "[a] right that can be protected or enforced by law; a right of substance rather than form." Id. To the extent that a violation of the procedural right has no effect on the substantive right, the bare procedural violation does not cause an injury of the sort that, alone, would support standing. Confusion understandably arises when the procedure is closely intertwined with the substantive right.

In this case the procedure, a specified manner for disseminating information, protects the underlying right to receive that information. The distinction is a subtle one, and an analogy may prove helpful. Consider a hypothetical statute requiring building managers to notify occupants in the event of a fire in a timely manner via a loud-speaker using specific language. Now imagine that, during a fire, a manager effectively communicates a warning to an occupant in a timely manner but does so in person, after which the occupant escapes unharmed. The occupant was subjected to a bare, procedural violation. If, however, another occupant was never warned but smelled smoke and safely exited the building, the latter occupant was subject to a substantive violation of his right to be timely notified, albeit without independent, "tangible" harm. In the latter case, a statutory remedy would be appropriate. In the former case, only the manner in which the warning was to be delivered (i.e., the procedure) failed to meet statutory guidelines. The underlying right, the right to be timely notified in the event of a fire, was honored.

 The FCRA protects a consumer's substantive right to be notified of the procurement and use of a consumer report for employment purposes. However, the requirement that the notice be in the form of a stand-alone disclosure is a procedural protection of that substantive right. Put yet another way, a statutory right to information is substantive. A statutory right to receive that information in a particular format is procedural.

Landrum has pled only a bare procedural violation. Notably absent from his stated "concrete" injuries is any mention that Defendants' documents actually failed to inform him that Defendants intended to perform a background check. Landrum does not allege that the disclosure in his application was substantively inadequate to

---

**12.** Motion to Dismiss, Docket Entry No. 12, pp. 1-2.

alert him to the fact that Defendants may conduct a background check.[13] If he had been unaware that Defendants could conduct a background check, he might have alleged so-called "informational injuries." Such injuries, as Havens Realty established, may be substantive. But Landrum only alleges that his injury is "being deprived of a disclosure to which he was statutorily entitled as a result of Allegiance Ambulance's failure to comply with the FCRA's stand-alone disclosure requirement."[14] That is a bare procedural violation.

 Landrum's invasion-of-privacy claim fares no better. He claims Defendants invaded his privacy by "procurement of a consumer report without proper written authorization."[15] Courts are divided as to whether invasion of privacy following a procedural violation of the FCRA is a sufficiently concrete injury. See Smith v. Ohio State Univ., 191 F.Supp.3d 750, 757, 2016 WL 3182675, at *4 (S.D. Ohio 2016) (holding that the plaintiffs' alleged privacy violations were not "a concrete consequential damage"); but see Perrill v. Equifax Information Services, LLC, 205 F.Supp.3d 869, 874, 2016 WL 4572212, at *4 (W.D. Tex. 2016) (holding that "an invasion of privacy within the context of the FCRA constitutes a concrete harm that meets the injury-in-fact requirements"). This court does not need to decide that issue because Landrum has not alleged facts that would support an invasion-of-privacy claim.

Landrum does not allege that his purported authorization was ineffective, only that Defendants lacked "proper" written authorization because of the incorrectly formatted disclosure.[16] Landrum has not alleged that he did not know what he was authorizing or did not, in fact, authorize the report. Although Defendants argue that the absence of subject-matter jurisdiction can be determined from Landrum's Complaint, they also introduce background facts in their Motion to Dismiss.[17] Landrum does not dispute Defendants' evidence that he brought three similar FCRA actions against other ambulance service companies before applying for employment with the Defendants.[18] Although Landrum's motive for applying for employment with Defendants is not relevant to the court's jurisdiction analysis, Landrum's extensive familiarity with the FCRA and the application processes shows that he was no mere tyro in this procedure. His right to know that Defendants were seeking a consumer report was never at risk. Landrum does not contest this point. He does not allege that he lacked information, only that it was not in the proper form. Whether the court looks only at the Complaint, or the Complaint supplemented by undisputed facts, Landrum has not met his burden of showing that he suffered an injury in fact.

### III. Conclusions and Order

For the reasons explained above, the court concludes that it lacks jurisdiction

---

13. In fact, it told him that, by electronically initialing the authorization, he "authorize[d] investigation into all statements and references contained in [the] application. Said investigation may include credit, driving, criminal background, references and other background checks." Landrum also electronically signed a statement acknowledging that he had "read and understood" the above authorization. Employment Application, Exhibit 1 to Complaint, Docket Entry No. 1–1, p. 4.

14. Complaint, Docket Entry No. 1, p. 15 ¶ 55 (emphasis added).

15. Id. ¶ 56.

16. Id.

17. Motion to Dismiss, Docket Entry No. 12, p. 2 n.1.

18. Id.

over this case.[19] The court can find no concrete injury in fact to Plaintiff in either the Complaint or the supporting facts. In the absence of concrete injury in fact, the court lacks a case or controversy. Because the only named Plaintiff lacks standing, the court need not further address issues related to the class nature of this action. See Dallas Gay Alliance, Inc. v. Dallas County Hospital District, 719 F.Supp. 1380, 1384–85 (N.D. Tex. 1989) (discussing the applicability of Article III limitations to class actions). Accordingly, Defendants' 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Docket Entry No. 12) is **GRANTED**.

## FINAL JUDGMENT

In accordance with the court's Memorandum Opinion and Order granting Defendants' Motion to Dismiss, this action is **DISMISSED FOR LACK OF JURISDICTION**.

Costs are taxed against the plaintiff.

This is a **FINAL JUDGMENT**.

---

19. The court acknowledges Plaintiff's numerous supplemental authorities. To the extent that such authorities address the denial of information rather than merely improper formatting (e.g., Church v. Accretive Health, Inc., 654 Fed.Appx. 990, 2016 WL 3611543 (11th Cir. July 6, 2016) (per curiam) (holding that the failure to provide a disclosure resulted in an informational injury sufficient to support standing), they are distinguishable. To the extent that those authorities fail to account for the Court's guidance in Spokeo (e.g., Robrinzine v. Big Lots Stores, Inc., 156 F.Supp.3d 920, 922 (N.D. Ill. 2016) (decided months before Spokeo)), they are inapposite.